UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

RASHEEN McGRIER,

                              Plaintiff,

    -against-                                            1:20-CV-1044 (LEK/DJS)

CAPITOL CARDIOLOGY,

                              Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Defendant, Capitol Cardiology, has filed a motion to dismiss Plaintiff's complaint. Dkt. No. 26 ("Motion to Dismiss"). Plaintiff subsequently filed a motion for leave to amend his complaint. Dkt. No. 27 ("Motion to Amend"). Defendant opposed the Motion to Amend. Dkt. No. 28 ("Defendant's Opposition to Amendment"). Plaintiff responded to Defendant's Motion to Dismiss and Defendant's Opposition to Amendment. Dkt. No. 30 ("Plaintiff's Response"). Defendant then filed a timely reply to Plaintiff's Response. Dkt. No. 31. ("Defendant's Reply"). For the reasons set forth below, the Court grants Plaintiff's Motion to Amend and denies Defendant's Motion to Dismiss as moot.

**II.   BACKGROUND**

       Plaintiff filed his initial complaint in this matter on September 4, 2020 alleging violations of Title VII of the Civil Rights Act of 1964. <u>See</u> Dkt. No. 1 ("Complaint"). Plaintiff based these claims on employment discrimination he allegedly suffered due to his race and gender while employed by Defendant. Compl. at 2. Plaintiff attached approximately 48 pages of exhibits to his Complaint. <u>See</u> Dkt. No. 1-2. Also on September 4, 2020, Plaintiff filed his application to proceed in forma pauperis. Dkt. No. 2.

On September 30, 2021, The Honorable Daniel J. Stewart issued a report and recommendation after conducting an initial review of the Complaint pursuant to 28 U.S.C. § 1915. Dkt. No. 5. Judge Stewart recommended the Complaint be dismissed because Plaintiff had not attached a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") as is required to assert a claim under Title VII in federal court. See id. at 4. Judge Stewart also recommended that Plaintiff be granted leave to amend his Complaint. Id. at 6.

Rather than object to the report and recommendation, Plaintiff filed an amended complaint as of right under Federal Rule of Civil Procedure ("F.R.C.P.") 15(a)(1). Dkt. No. 6 ("Amended Complaint"). Plaintiff properly attached a copy of an EEOC right-to-sue letter to the Amended Complaint. See id. However, Plaintiff did not attach any of the exhibits that had been attached to the original Complaint. See id.

On February 10, 2021 Defendant filed its Motion to Dismiss arguing that the Amended Complaint is partially time barred and otherwise fails to state a plausible claim under Title VII or state law upon which relief can be granted. See Mot. to Dismiss.

On February 12, 2021, Plaintiff filed a motion for leave to amend the Amended Complaint. See Mot. to Amend. Both Plaintiff's Motion to Amend and Defendant's Motion to Dismiss have been fully briefed.

### III.   LEGAL STANDARD

A court should freely give leave to amend "when justice so requires." F.R.C.P. 15; Manson v. Stacescu, 11 F.3d 1127, 1133 (2d Cir. 1993). "The Supreme Court has emphasized that amendment should normally be permitted, and has stated that refusal to grant leave without justification is inconsistent with the spirit of the Federal Rules." Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995) (internal quotation marks omitted).

The purpose of F.R.C.P. 15 is to facilitate decisions based on the merits rather than pleadings or technicalities. See Colo. Capital v. Owens, 227 F.R.D. 181, 193 (E.D.N.Y. 2005) ("The very essence of the language of Rule 15(a) . . . encourages claims to be decided on their merits.") (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). That purpose is implicated even more strongly in cases involving *pro se* parties "who are understandably less familiar with the niceties of pleading and procedure." Furlow v. City of New York, No. 90-CV-3956, 1994 WL 714340, at *4 (S.D.N.Y. Dec. 21, 1994) (collecting cases). When considering a motion to amend "[i]t is of the utmost importance that . . . [a] [c]ourt make reasonable allowances so that a *pro se* plaintiff does not forfeit rights by virtue of her or his lack of legal training." Colo, 227 F.R.D. at 193 (internal quotation marks omitted) (citing Traguth v. Zuck, 710 F.2d 90, 94 (2d Cir. 1983)).

Even so, a court may deny a motion to amend where there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, . . . futility of amendment, etc." Foman, 371 U.S. at 182; see also S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Hous., 608 F.2d 28, 42 (2d Cir. 1979). Amendment is futile when the proposed amendment "could not survive a Rule 12(b)(6) motion to dismiss." Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

IV.   DISCUSSION

There is no indication of any undue delay, bad faith, or dilatory motive on the part of Plaintiff in pursuing amendment. Additionally, the most important factor in the Rule 15(a) analysis is whether the opposing party would be prejudiced by allowing amendment, Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008), and it does not appear that allowing amendment would meaningfully prejudice Defendant. At this early point in the litigation, relatively little time and expense has been devoted to discovery, motion practice, or trial

preparation such that Defendant would be unduly prejudiced by amendment of the Complaint. See Roller Bearing Co. of Am., Inc. v. Am. Software, Inc., 570 F. Supp. 2d 376, 384–85 (D. Conn. 2008) (citing Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983) ("The [prejudice] inquiry is often intertwined with the consideration of whether there was undue delay on the part of the movant . . . [amendment] after the non-moving party has devoted considerable time and expense to discovery, motion practice, and other proceedings in preparation for trial can constitute prejudice.").

Indeed, Defendant seems to focus its opposition to amendment on the grounds that such amendment will be futile. The Court cannot agree.

Plaintiff largely attempts to support his allegations through 48 pages of exhibits that he attached to his initial Complaint. See Dkt. No. 1-2. However, Plaintiff failed to attach these exhibits—or any exhibits or support other than the EEOC right-to-sue letter—to his Amended Complaint. See Amended Complaint. It would seem this omission occurred due to Plaintiff's unfamiliarity with the particulars of court procedure, namely that an amended complaint supersedes the original complaint and its exhibits and renders them of no legal effect. See Dluhos v. Floating & Abandoned Vessel, Known as New York, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); L.R. 15.1(a) ("Except if the Court otherwise orders, the proposed amended pleading must be a complete pleading, which will supersede the pleading sought to be amended in all respects."). Thus, to deny Plaintiff leave to amend would very possibly cause Plaintiff to "forfeit rights by virtue of [his] lack of legal training." Colo, 227 F.R.D. 181 at 193.

Such an amended complaint could potentially survive a motion to dismiss if it were supported by properly attached exhibits; the additional "damages and violations" that Plaintiff

proposes; see Motion to Amend at 1; and clear, concise statements of fact setting forth Plaintiff's allegations. Thus, the Court cannot say that it is futile to allow amendment. In sum, while the Court does not rule on the potential success of any future motion to dismiss, it cannot say at this point that Plaintiff's amended claims would be implausible on their face. Roller Bearing, 570 F. Supp. 2d at 386–87 (refusing to deny leave to amend on basis of futility where defendant had not shown amended allegations would be "implausible on their face.").

For the reasons set forth above, justice requires that Plaintiff's Motion to Amend be granted. Accordingly, Defendant's Motion to Dismiss is denied as moot. Id. at 384 ("[T]he preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave."). Plaintiff is advised that this second amended complaint will supersede and entirely replace the previous Complaint and Amended Complaint that he filed. All facts, allegations, and claims Plaintiff wishes to make in this matter must be fully set forth in this second amended complaint. All documents that Plaintiff asserts support his claims must be attached to the second amended complaint as exhibits, even if those documents have been attached to past filings. All documents that show Plaintiff has properly exhausted his administrative remedies, such as the EEOC right-to-sue letter, should also be attached to Plaintiff's second amended complaint. In his second amended complaint, Plaintiff should state the nature of his claims and concisely state the factual support for those claims so as to enable Defendant to answer the complaint and adequately prepare for trial. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.").

V.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion to Amend (Dkt. No 27) is **GRANTED** and Plaintiff may amend his Complaint within 21 days of this Decision and Order; and it is further

**ORDERED**, that Defendant's Motion to Dismiss (Dkt. No. 26) is **DENIED** as moot; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   August 11, 2021
         Albany, New York

_____
Lawrence E. Kahn
Senior U.S. District Judge